■ NORA ARTHUR, Appellant, v CARVER FEDERAL SAVINGS BANK et al., Respondents, et al., Defendants. [55 NYS3d 5]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about August 16, 2016, which, to the

extent appealed from as limited by the briefs, granted the motion of defendants Carver Federal Savings Bank, Waterfall Victoria Master Fund Ltd., Waterfall Victoria REO 2013-01 LLC and Statebridge Company LLC to dismiss the complaint as against them, unanimously modified, on the law, the motion denied as to plaintiff's 12th, 13th and 15th causes of action, and otherwise affirmed, without costs.

The court improperly dismissed plaintiff's 12th cause of action because defendants' proof was insufficient to establish that they sent a notice to plaintiff 90 days prior to the sale of her cooperative shares held as collateral (see UCC 9-611 [f] [1]).

The court improperly dismissed plaintiff's 13th cause of action because the notice of sale misidentified the secured party, and failed to state that "the debtor is entitled to an accounting of the unpaid indebtedness and . . . the charge, if any, for an accounting," as required by UCC 9-613.

The court erred in dismissing plaintiff's 15th cause of action on the ground that General Business Law § 349 only applies to the "soliciting, processing, placing or negotiating of mortgage(s)." There is nothing in the section that so limits it. The court also erred in dismissing that claim on the ground that plaintiff failed to come to court with a payment plan. Rather, plaintiff stated a claim under that statute in that she adequately alleged that defendant was engaged in a consumer oriented transaction, that was misleading and injured her, as required by *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank* (85 NY2d 20, 25 [1995]).

The court properly dismissed the remaining causes of action. Plaintiff also failed to state a claim that the nonjudicial foreclosure sale was not conducted in a commercially reasonable manner (see UCC 9-610).

We have considered plaintiff's remaining arguments, including that she should be permitted to replead her inadequate causes of action, and find them unavailing. Concur—Acosta, J.P., Renwick, Mazzarelli, Gische and Gesmer, JJ.